**KRISS & FEUERSTEIN LLP**
Jerold C. Feuerstein, Esq.
Jason S. Leibowitz, Esq.
360 Lexington Avenue, Suite 1200
New York, NY 10017
(212) 661-2900
(212) 661-9397 - facsimile

*Attorneys for MLF3 2008 Westchester LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
In re:

Al Imam Plaza, Inc,

                              Debtor.
------------------------------------------------------------------------x

Case No. 17-12072-mg

Chapter 11

**MLF3 2008 WESTCHESTER LLC'S LIMITED OPPOSITION TO THE UNITED STATES TRUSTEE'S MOTION TO CONVERT THIS CASE TO ONE UNDER CHAPTER 7 OF THE BANKRUPTCY CODE**

    MLF3 2008 Westchester LLC (the "Secured Creditor"), a secured mortgagee of the debtor, Al Imam Plaza, Inc. (the "Debtor") and an interested party in this Chapter 11 case, by and through its attorneys, Kriss & Feuerstein LLP, respectfully submits this Limited Opposition (the "Limited Opposition") in opposition to that portion of the Motion [ECF No. 6] (the "Motion") of the United States Trustee (the "UST") seeking to convert the Debtor's instant case to one under Chapter 7, and support of that portion of the UST's Motion which seeks dismissal of the instant case pursuant 11 U.S.C. § 1112(b). In support of the Limited Opposition, the Secured Creditor respectfully submits as follows:

**PRELIMINARY STATEMENT**

    1.    Upon information and belief, had the Debtor filed any of its required schedules and other required statements, such documents would confirm that this case amounts to nothing

more than a two (2) party dispute between the Debtor and the Secured Creditor, which can best be resolved by permitting the Secured Creditor proceed to a foreclosure sale after dismissal on account of that certain *Judgment of Foreclosure and Sale* (the "JFS") which was entered by the Supreme Court of the County of Bronx, State of New York (the "State Court") on June 22, 2017.

2. Indeed, this case was filed on July 27, 2017 (the "Petition Date") for no other reason than to permit the Debtor to obtain the benefit of the automatic stay in connection with the foreclosure sale noticed by the Secured Creditor of the real property of the Debtor, commonly known as: 2008 Westchester Avenue, Bronx, New York 10462 (Block: 3805, Lot: 1) (the "Property").

3. Since the Petition Date, the Debtor has failed to take any actions required of a Chapter 11 Debtor, including, but not limited to, filing its schedules of assets and liabilities (the "Schedules"), a statement of financial affairs ("SOFA"), and a disclosure of attorney compensation ("Attorney Disclosure"), all by August 10, 2017.

4. In addition, further support of the Debtor's gross mismanagement is confirmed by the fact that the Debtor failed to file a list of creditors ("Creditor List"), a corporate resolution, and a Local Rule 1007-2 affidavit (the "Local Rule Affidavit"), which were all due on the Petition Date. Furthermore, the Debtor has failed to file any retention application at this time.

5. While the Secured Creditor agrees with nearly all of the arguments set forth by the UST in the Motion, in as much as all of the foregoing provides evidentiary support for the relief sought in the UST's Motion, the Secured Creditor respectfully submits that in light of the Debtor complete failure to respond or comply with the UST's and the Court's requirements, the quickest and most cost effective way for it to obtain closure, would be to dismiss the instant case, and permit it to proceed to a new foreclosure sale.

**BACKGROUND**

6.      The underlying action in foreclosure (the "Foreclosure Action"), which is presently pending before the State Court, involved the Secured Creditor seeking to foreclose in connection with that certain Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing (the "Mortgage"), dated as of March 13, 2014, in the principal sum of $1,675,000.00, encumbering the Debtor's real Property.  Said Mortgage was recorded in the Office of the City Register of the City of New York, County of Bronx (the "Register's Office") on March 25, 2014 under CRFN: 2014000103850.  A true and correct copy of the Mortgage is annexed hereto as **Exhibit "A"**.

7.      The Mortgage by and between Woodbridge Mortgage Investment Fund 1, LLC ("Woodbridge"), as mortgagee, and the Debtor, as mortgagor was given to secure that certain *Commercial Real Estate Mortgage Note* (the "Note"), dated as of March 13, 2014 in the principal sum of $1,675,000.00.  A true and correct copy of the Note and a certain allonge evidencing that the Secured Creditor is the present holder of the Note is annexed hereto as **Exhibit "B"**.

8.      As further security for the indebtedness of the Note, on or about March 13, 2014, Sheikh Moussa Drammeh (the "Guarantor"), duly executed, acknowledged and delivered to Woodbridge, that certain Guaranty and Endorsement (the "Guaranty"), wherein the Guarantor unconditionally guaranteed the repayment of all sums due under the loan, as more particularly described therein.  A true and correct copy of the Guaranty is annexed hereto as **Exhibit "C".**

9.      Subsequently, on or about December 1, 2014, the Note, Mortgage and all documents evidencing the loan was assigned by Woodbridge to Whiteacre Funding, LLC pursuant to an Assignment of Mortgage (the "Whiteacre Assignment").  The Whiteacre

3

Assignment was recorded with the Register's Office on July 1, 2015 under CRFN: 2015000226189, a true and correct of which is annexed hereto as **Exhibit "D"**.

10. Thereafter, on or about June 4, 2015, the Note, Mortgage and all documents evidencing the loan was assigned by Whiteacre Funding, LLC to MLF3, pursuant to an Assignment of Mortgage (the "MLF Assignment"). The MLF Assignment was recorded with the Register's Office on July 1, 2015 under CRFN: 2015000226190, a true and correct of which is annexed hereto as **Exhibit "E"**.

11. The Note, Mortgage, the Guaranty and any and all other loan documents, that were delivered or executed in connection with this loan as such may have thereafter been modified or amended, are hereinafter referred to, collectively, as (the "Loan Documents").

12. By virtue of the foregoing, the Secured Creditor, is now the owner and holder of the Loan Documents and any and all other documents evidencing this loan and/or that were delivered and/or executed in connection with the subject loan as such may have thereafter been modified or amended and is entitled to enforce its rights under these documents.

13. Also in connection with the MLF3 Assignment, on or about June 3, 2015, Whiteacre Funding LLC, also executed an Assignment of Foreclosure Action ("Assignment of Action"), in favor of the Secured Creditor, pursuant to which Whiteacre Funding LLC assigned all of its right, title and interest in and to the pending foreclosure action. A true and correct copy of the Assignment of Action is annexed hereto as **Exhibit "F"**.

14. On June 22, 2017, this Court entered the JFS. A true and correct copy of the Assignment of Action is annexed hereto as **Exhibit "G"**.

15. As a result, the Secured Creditor noticed a sale of the Property on for July 31, 2017 and also moved the State Court for the appointment of a receiver, which was granted.

## DISCUSSION

16.    While the Secured Creditor agrees with nearly all of the arguments set forth by the UST in the Motion, in as much as all of the foregoing provides evidentiary support for the relief sought in the UST's Motion, the Secured Creditor respectfully submits that in light of the Debtor complete failure to respond or comply with the UST's and the Court's requirements, the quickest and most cost effective way for it to obtain closure, would be to dismiss the instant case, and permit it to proceed to a new foreclosure sale.

17.    In that regard, the Secured Creditor would proceed pursuant to and in accordance with the JFS.

18.    In light of the foregoing, it is respectfully submitted that the appointment of a Chapter 7 Trustee would serve only to delay the process of selling the Debtor's Property in what will prove to be a two (2) party dispute.

19.    Thus, the Secured Creditor respectfully requests that this honorable Court enter an Order pursuant to 11 U.S.C. § 1112(b) dismissing the Debtor's the instant case, and for such further and different relief as this Court may deem just and proper.

## RESERVATION OF RIGHTS

20.    The Secured Creditor expressly reserves its right to amend or supplement this Limited Objection, to introduce evidence supporting this Limited Opposition at the hearing on the Motion, and to file additional and supplemental objections as the Secured Creditor deems advisable.

## NOTICE

21.    Notice of this Limited Opposition has been provided to the Office of the United States Trustee, counsel to the Debtor, and those parties entitled to notice in this chapter 11 case.

In light of the nature of the relief requested, the Secured Creditor submits that no other or further notices need be provided.

WHEREFORE, the Secured Creditor respectfully requests that this Court enter an Order dismissing this case, and for such other and further relief this Court may determine just and proper.

Dated: September 8, 2017
New York, New York

                                                KRISS & FEUERSTEIN LLP
                                                *Attorneys for MLF3 2008 Westchester LLC*

By:   *s/ Jason S. Leibowitz*
       Jerold C. Feuerstein, Esq.
       Jason S. Leibowitz, Esq.
       360 Lexington Avenue, Suite 1200
       New York, New York 10017
       (212) 661-2900