**LaMonica Herbst & Maniscalco, LLP**         **Hearing: November 1, 2017 at 11:00 a.m.**
3305 Jerusalem Avenue         **Objections Due: October 25, 2017 at 5:00 p.m.**
Wantagh, New York 11793
Telephone: (516) 826-6500
Gary F. Herbst, Esq.
Rachel P. Stoian, Esq.
*Counsel to Salvatore LaMonica, Interim Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:

                                                                                          Chapter 7

AL IMAN PLAZA, LLC,                                 Case No. 17-12072-MG

               Debtor.
-----------------------------------------------------------------x

**REPLY OF CHAPTER 7 TRUSTEE IN FURTHER SUPPORT OF MOTION SEEKING ENTRY OF AN ORDER, PURSUANT TO 11 U.S.C. §§ 105(a) AND 363, AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 2002 AND 6004: (I) AUTHORIZING THE PUBLIC AUCTION SALE OF THE REAL PROPERTY KNOWN AS, AND LOCATED AT, 2008 WESTCHESTER AVENUE, BRONX, NEW YORK 10462, FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES; (II) APPROVING BIDDING PROCEDURES FOR THE SALE; AND (III) GRANTING RELATED RELIEF**

**To:**     **The Honorable Martin Glenn**
          **United States Bankruptcy Judge**
          **United States Bankruptcy Court**
          **Southern District of New York**

Salvatore LaMonica, the interim Chapter 7 trustee (the "Trustee") of the estate of Al Iman Plaza, LLC (the "Debtor"), by his counsel, LaMonica Herbst & Maniscalco, LLP, submits this reply (the "Reply") in further support of the Trustee's motion (the "Motion")[1] [Doc. No. 28] seeking entry of an Order, pursuant to sections 105(a) and 363 of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"): (i) authorizing the public auction sale of the real property known as, and located at, 2008 Westchester Avenue, Bronx, New York 10462 (Block 3805, Lot 1) (the "Real Property") to the highest and best bidder, free and clear of all liens, claims, and

---
[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

encumbrances (the "Liens"), if any, with such Liens to attach to the proceeds of sale in the same priority as they existed on the date the Debtor filed for bankruptcy; (ii) approving bidding procedures for the Real Property (the "Bidding Procedures"); and (iii) granting such other, further, and different relief as this Court deems just and proper, and in response to the Debtor's opposition to the Motion (the "Opposition") [Doc. No. 33], and respectfully states as follows:

## PRELIMINARY STATEMENT

1.      By the Motion, the Trustee is seeking authority to sell the Real Property because the Trustee has determined that doing so is in the best interests of the Debtor's estate and all creditors of the estate. In opposition to the Motion, the Debtor sets forth various grounds for denying the relief sought in the Motion none of which have any merit.[2] In particular, the Debtor asserts that the Trustee lacks standing to sell the Real Property while simultaneously admitting to having taken actions to pursue claims belonging to the estate. The reality is that the Trustee is the only party with authority to act with respect to property of the Debtor's estate, whether that be the Real Property or potential claims against any party, including MLF3 2008 Westchester LLC ("MLF3"), the holder of a judgment of foreclosure with respect to the Real Property. The Debtor appears to argue that both the MLF3 mortgage and the judgment of foreclosure were obtained by fraud or other procedural improprieties. The Opposition is light on details and evidence, but that is beside the point because the Motion does not seek to resolve the claims of MLF3 against the Debtor or the Real Property. As such, the fact that the Debtor disputes such claims should not preclude the Trustee from liquidating the Real Property and thereafter resolving the claims that may or may not attach to the proceeds.

---

[2] The Trustee limits this Reply to responding to the substantive arguments set forth in the Opposition and does not address the myriad errors contained therein. The Trustee does, however, reserve his right to address and correct any or all of those errors to the extent doing so appears to be necessary and appropriate.

2. Overall, the Debtor has not presented any valid reason for denying the Trustee the relief he seeks by the Motion. As such, the Trustee respectfully requests that this Court overrule the Opposition, grant the Motion, and authorize the Trustee to proceed with the sale of the Real Property.

## THE REPLY

3. As detailed in the Motion, the Trustee has exercised his sound business judgment to conclude that selling the Real Property via pubic Auction Sale in accordance with the Bidding Procedures is in the best interests of the Debtor's estate. See Parker v. Motors Liquidation Co. (In re Motors Liquidation Co.), 430 B.R. 65, 83 (S.D.N.Y. 2010) ("The overriding consideration for approval of a Section 363 sale is whether a 'good business reason' has been articulated." (citations omitted)). The Debtor has not presented any legal or factual reason for denying the Trustee the authority to sell the Real Property, as proposed in the Motion.

4. The Real Property is the single largest (and perhaps only) asset of the Debtor's estate. The Trustee has searched the public record and had a title report prepared and determined that there may be certain liens, claims, and encumbrances attached to the Real Property. However, the Trustee believes that the fair market value of the Real Property exceeds the aggregate value of any such liens, claims, and encumbrances, thus ensuring that liquidating the Real Property will benefit the Debtor's estate and all creditors holding allowed claims. Moreover, the holders of each of those liens, claims, and encumbrances were served with the Motion in accordance with Bankruptcy Rule 2002(a)(2) and none have objected to the relief sought in the Motion. See Doc. No. 29.

5. As the duly appointed Chapter 7 trustee of the Debtor's estate, the Trustee is the only party with standing and authority to administer property of the Debtor's estate. Indeed,

3

Bankruptcy Code § 521(a)(4) requires that the Debtor surrender all property of the estate to the Trustee. 11 U.S.C. § 521(a)(4). The Trustee is statutorily required to "collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest[.]" 11 U.S.C. § 704(a)(1). In order to fulfil that obligation, Bankruptcy Code § 363(b) authorizes the Trustee to sell property of the estate. 11 U.S.C. § 363(b)(1). By the Motion, the Trustee is seeking to exercise his authority with respect to the Real Property and reduce such property to money in order to benefit the Debtor's estate in an expeditious fashion.

6. As set forth in the Motion, the Trustee is requesting authority to sell the Real Property free and clear of all Liens, with any Liens to attach to the proceeds of sale, pursuant to Bankruptcy Code § 363(f). The Motion does not request an adjudication of the claims against the Real Property, but simply the authority to sell the Real Property. The Trustee intends to make a final determination as to the extent and validity of each of the purported claims against the Real Property prior to distributing any proceeds of the sale to the holders of claims, and has engaged in preliminary discussions with counsel to MLF3 with respect to its claim. Rather than delay the sale in order to allow that claims process to take place, and incur the expense and risk associated with owning the Real Property, the Trustee has determined to sell the Real Property in an expedited manner. The Trustee's decision reflects his sound business judgment and fulfills his duties under Bankruptcy Code § 704(a)(1).

7. In light of the foregoing, the Trustee submits that the Debtor's allegations with respect to the origins of the MLF3 mortgage and the merits of the judgment of foreclosure have no bearing on whether this Court should grant the relief requested in the Motion. Moreover, the Debtor's apparent filing of a motion to vacate, presumably in the State Court, without notice to

4

the Trustee or authority from this Court, is simply inappropriate. The Opposition also appears to indicate the Debtor is pursuing certain fraudulent conveyance claims, in addition to seeking to vacate the judgment of foreclosure. As noted above, since the Trustee's appointment, the Trustee is the only person with authority to act on behalf of the estate and to administer property of the estate. The Trustee has requested that the Debtor withdraw the motion to vacate and will assess the merits of seeking such relief, and any possible fraudulent conveyance claims, once he is provided additional information by the Debtor. The Trustee again submits that it is not appropriate to delay the sale of the Real Property until such determination is made.

8. Finally, the Debtor indicates that it has sought to negotiate a resolution with MLF3 and, alternatively, that it has arranged for alternative financing or a sale in order to pay creditors. The Debtor does not provide sufficient detail for the Trustee to assess the merits of these assertions and provides no evidence to support them. In any event, MLF3 has not opposed the Motion and it is up to the Trustee to determine whether alternatives to a sale of the Real Property should be pursued for the benefit of the estate.

9. Overall, the Debtor has not come forward with any legitimate reason to deny the relief sought by the Trustee in the Motion. Selling the Real Property by Auction Sale in accordance with the proposed Bidding Procedures will ensure that the highest and best offer is received for the Real Property. This, in turn, will ensure that the value of the Real Property is maximized for the benefit of the Debtor's estate and all creditors of such estate. Accordingly, the Trustee respectfully requests that this Court overrule the Opposition and grant the relief requested in the Motion.

**WHEREFORE,** for the reasons set forth above and in the Motion, the Trustee respectfully requests that this Court grant the Motion, overrule the Opposition, and enter an Order: (i) authorizing the Auction Sale of the Real Property to the highest and best bidder, free and clear of all Liens, if any, with such Liens to attach to the proceeds of sale in the same priority as they existed on the Filing Date; (ii) approving the Bidding Procedures; and (iii) granting such other, further, and different relief as this Court deems just and proper.

Dated: October 30, 2017          **LaMonica Herbst & Maniscalco, LLP**
       Wantagh, New York          Counsel to Salvatore LaMonica, Interim Chapter 7 Trustee

                        By:    */s/ Gary F. Herbst*
                              Gary F. Herbst, Esq.
                              Rachel P. Stoian, Esq.
                              3305 Jerusalem Avenue, Suite 201
                              Wantagh, New York 11793
                              (516) 826-6500