**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
In re:

                                                              Chapter 7

AL IMAN PLAZA, LLC,                                           Case No. 17-12072-MG

                           Debtor.
---------------------------------------------------------------x

**ORDER, PURSUANT TO 11 U.S.C. §§ 105(a) AND 363, AND FEDERAL RULES OF**
**BANKRUPTCY PROCEDURE 2002 AND 6004: (I) AUTHORIZING THE PUBLIC**
**AUCTION SALE OF THE REAL PROPERTY KNOWN AS, AND LOCATED AT, 2008**
**WESTCHESTER AVENUE, BRONX, NEW YORK 10462, FREE AND CLEAR OF ALL**
**LIENS, CLAIMS AND ENCUMBRANCES; (II) APPROVING BIDDING PROCEDURES**
**FOR THE SALE; AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[1] [Doc. No. 28] of Salvatore LaMonica, the interim

Chapter 7 Trustee (the "Trustee") of the estate of Al Iman Plaza Inc. (the "Debtor"), by his counsel,

LaMonica Herbst & Maniscalco, LLP, seeking entry of an Order, pursuant to section 105(a) and

363 of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002 and 6004 of

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"): (i) authorizing the public

auction sale of the real property known as, and located at, 2008 Westchester Avenue, Bronx, New

York 10462 (Block 3805, Lot 1) (the "Real Property") to the highest and best bidder, free and clear

of all liens, claims, and encumbrances (the "Liens"), if any, with such Liens to attach to the

proceeds of sale in the same priority as they existed on the date the Debtor filed for bankruptcy;

(ii) approving bidding procedures for the Real Property (the "Bidding Procedures"); and (iii)

granting such other, further, and different relief as this Court deems just and proper; and upon the

Affidavit of Service of the Motion [Doc. No. 29]; and no additional notice being necessary or

required; and upon the opposition of the Debtor to the Motion (the "Opposition") [Doc. No. 33];

and upon the Trustee's reply in further support of the Motion and in response to the Opposition

---
[1] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

[Doc. No. 36]; and upon the record of the hearing held before this Court on November 1, 2017 at 11:00 a.m. (the "Hearing"), the transcript of which is incorporated herein by reference; and the Trustee and his counsel, the Debtor and its counsel, and MLF3 2008 Westchester LLC its counsel having appeared at the Hearing; and upon the Debtor's withdrawal of its Opposition to the sale of the Real Property at the Hearing; and upon all prior pleadings and proceedings herein; and the Court having jurisdiction to consider the Motion; and the relief requested therein being a core proceeding to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief sought by the Trustee in the Motion is warranted and satisfies the applicable standards under the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure; and after due deliberation thereon, and for the reasons stated by the Court at the Hearing; it is now, hereby

**ORDERED,** that the Motion is granted; and, it is further

**ORDERED,** the Trustee is authorized to proceed with the Auction Sale of the Real Property; and, it is further

**ORDERED,** that the Bidding Procedures, substantially in the form annexed to the Motion as Exhibit "A", are approved and shall govern the bids relating to the Real Property; and, it is further

**ORDERED,** that all bids for the Real Property shall be submitted in accordance with the Bidding Procedures; and, it is further

**ORDERED,** that the Auction Sale of the Real Property shall be conducted on December 12, 2017 at 11:00 a.m., at the New York LaGuardia Airport Marriott Hotel, 102-05 Ditmars Boulevard, East Elmhurst, New York 11369; and, it is further

**ORDERED,** that in the event the Trustee enters into an agreement with a person or entity desiring to act as a stalking horse with respect to the sale of the Real Property ("Stalking Horse"), the Trustee shall be authorized to seek approval of any such agreement, as well as amended Bidding Procedures to the extent necessary, on shortened notice; and, it is further

**ORDERED,** to the extent the Trustee seeks approval of a Stalking Horse offer from United Clergy Task Force and/or Bronx Clergy Task Force ("United Clergy"), and to the extent a Stalking Horse agreement is entered into with the Trustee on or before November 20, 2018, and United Clergy, or the secured mortgagee, MLF3 2008 Westchester LLC (the "Secured Creditor"), is the successful bidder at the Auction Sale and such offer is approved by the Court, and either United Clergy or the Secured Creditor closes on the sale of the Real Property, then the commission in the form of a buyer's premium due to Maltz Auctions, Inc. d/b/a Maltz Auctions pursuant to Order dated October 11, 2017 [Doc. No. 31], shall be limited to 2% of the gross sale price of the Real Property, but shall be remain subject to further review of the Court; and, it is further

**ORDERED,** that the Trustee shall file and serve a Notice of Intended Sale advising interested parties of, among other things, the date, time, and location of the Auction Sale, as well as salient provisions of the Bidding Procedures, on the following parties: (a) the Debtor, through counsel; (b) the United States Trustee; (c) all known holders of Liens against the Real Property; (d) all known creditors of the Debtor's estate; (e) any party in interest that has served a request for special notice or a notice of appearance pursuant to Bankruptcy Rule 2002; (f) all government agencies and taxing authorities required to receive notice of proceedings under the Bankruptcy Rules or whose rights may be affected by the sale of the Real Property; and (g) all parties that expressed interest in the Real Property to the Trustee or his professionals; and, it is further

3

**ORDERED,** that the Trustee is authorized to determine, in his sole business judgment, the highest and best offer for the Real Property; and, it is further

**ORDERED,** that a hearing to confirm the results of the Auction Sale shall be held before this Court on **December 21, 2017 at 10:30 a.m., in Courtroom 523** at the United States Bankruptcy Court, Southern District of New York, One Bowling Green, New York, New York 10004-1408; and, it is further

**ORDERED**, that the Trustee and his professionals are authorized to do such things, execute such documents, and expend such funds as may be reasonably necessary to effectuate the terms and conditions of this Order and the sale of the Real Property; and, it is further

**ORDERED,** that the Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

**IT IS SO ORDERED.**

Dated:  November 3, 2017
      New York, New York

                                   **_/s/ Martin Glenn_____**
                                     MARTIN GLENN
                        United States Bankruptcy Judge